In re KREUGER.

(District Court, E. D. Kentucky. January 15, 1912.)

No. 797.

BANKRUPTCY (§ 136*)—ORDER REQUIRING BANKRUPT TO TURN OVER ASSETS—GROUNDS.

An order requiring a bankrupt to turn over money or property to his trustee is not one to compel him to make good any previous default, but

must be based on evidence showing beyond a reasonable doubt that he has at the time such money or property in his possession or under his control.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 233, 235; Dec. Dig. § 136.*]

In the matter of William H. Kreuger, bankrupt. On question certified by referee.

See, also, 196 Fed. 705.

Arthur B. Benziger, of Cincinnati, Ohio, for Kreuger.

R. G. Williams, of Covington, Ky., for petitioner.

C. L. Williamson, of Lexington, Ky., for other petitioners.

C. C. Williams and J. W. Brown, of Mt. Vernon, Ky., for creditors.

COCHRAN, District Judge. The referee has certified this cause to me for an opinion as to whether proceedings in contempt should be instituted against the bankrupt for failing to answer questions put to him. I do not think such proceedings should be instituted. The matter to be considered by the trustee under the guidance of the referee is whether summary proceedings should be instituted against the bankrupt to compel him to pay over to the trustee moneys or other property of the bankrupt estate withheld by him. I do not mean to intimate that such proceedings should be instituted. I simply direct attention to this matter as the only one calling for such consideration. The trustee and referee are on the ground, and are in much better position to determine as to this than I am. I would, however, direct attention to several matters that should be taken into consideration in reaching a conclusion as to this.

First. Such proceedings are based on the position that the bankrupt now has in his possession or under his control moneys or property belonging to the estate, and it must be made out beyond a reasonable doubt that he has before an order can go against him requiring that he disgorge. The fact that he may not have treated his creditors right in the way he handled his property and its proceeds is not a proper basis for such proceedings. It is not a proceeding to compel him to make good any previous default, but is based on a present default in withholding from them assets which he now has in his possession or under his control.

Second. In comparing the goods which came into the hands of the receiver with goods purchased by the bankrupt before the bankruptcy to see the extent of the deficiency to be otherwise accounted for, care should be taken to see that the goods which came into the hands of the receiver are valued at exactly the same price at which they are charged against the bankrupt on the other side of the account.

Third. In the bankrupt's response, of date December 21st, it is stated that the bankrupt's account with the bank of Mt. Vernon shows that there was deposited to his credit between April 29 and October 5, 1911—in a period of a little over five months—the sum of $17,710.43, which is over $3,000 a month; and that the whole of

same was checked out. It should be considered whether or not this account does not afford a basis of tracking what became of the proceeds of all the goods that were sold, and whether, if it does not appear from such tracking that the bankrupt now has in his hands some of those moneys, there is any basis for summary proceedings against him.

Fourth. It should be considered whether it is a fact, as claimed by the bankrupt, that he was for a great portion of the time absent from the store, when his clerk handled the cash taken in, and, if it is a fact, whether it has a tendency to create a reasonable doubt as to whether such shortage as may be is due to him.

If it is determined that the facts justify the institution of a summary proceeding, then the trustee should demand of the bankrupt such sum as it may be thought he is withholding, and upon his refusal to pay same over a petition should be filed before me, setting forth the claim, demand, and refusal, and seeking an order against the bankrupt to show cause why he should not be ordered to pay said sum to the trustee, and in default of same to be punished for contempt. Thereupon, and after the bankrupt has responded or failed to respond, the cause will be referred to the referee for proof and report, and on his report I will take such action as the testimony calls for.